```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

EUGENE RIDA, JR.              )
                              )
                              )
        V.                    )   CIV. NO. 05-CV-11305-NMG
                              )
                              )
UNITED STATES OF AMERICA      )
```

**GOVERNMENT'S RESPONSE TO DEFENDANT'S PETITION FOR HABEAS CORPUS PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255**

**Introduction**

Title 28, United States Code, Section 2255 provides for post-conviction relief for prisoners in custody under sentence of a federal court in four instances: if the federal prisoner's sentence (1) was imposed in violation of the Constitution or laws of the United States; (2) was imposed by a court that was without jurisdiction; (3) exceeded the statutory maximum; or (4) was otherwise subject to collateral attack. David v. United States, 134 F.3d 470, 474 (1st Cir. 1998); see Hill v. United States, 368 U.S. 424, 426-427 (1962). Claims that do not allege constitutional or jurisdictional errors may properly be brought under §2255 only if the assignment of error is "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure."[1]  Hill, 368 U.S. at 428; Cofske v.

---

[1] The Supreme Court has explicitly tied the "miscarriage of justice" exception to the prisoner's innocence. Schlup v. Delo, 513 U.S. 298, 321 (1995).

1

United States, 290 F.3d 437, 441 (1st Cir. 2002).  The error must present "exceptional circumstances" that make the need for redress evident.  David, 134 F.3d at 474, quoting Hill, 368 U.S. at 428.  "A court cannot grant collateral relief on 'mere speculation that the defendant was prejudiced by trial error; the court must find that the defendant was actually prejudiced by the error.'"  Ellis v. United States, 313 F.3d 636, 644 (1st Cir. 2002), quoting Calderon v. Coleman, 525 U.S. 141, 146 (1998).

The central considerations underlying all collateral review jurisprudence is that a facially valid, final judgment of conviction is entitled to great respect.  See, e.g., United States v. Frady, 456 U.S. 152, 165 (1982).  Collateral review is thus narrower than direct review, see Brecht v. Abrahamson, 507 U.S. 619, 633-634 (1993), and §2255 is not a substitute for a direct appeal, Frady, 456 U.S. at 165.

As a result, an "error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment."  Brecht, 507 U.S. at 634 (internal quotation omitted).  Constitutional error that was probably harmless and might have required reversal on direct appeal is not a ground for relief on collateral review.  See id. at 634.  Moreover, a constitutional error is deemed harmless on collateral review unless it "had substantial and injurious effect or influence on determining the jury's verdict."  Id. at 638 (applying the

standard from Kotteakos v. United States, 328 U.S. 750, 776 (1946), which requires "actual prejudice").

Failure to raise a claim on direct review forecloses collateral review absent a showing of cause and prejudice or "actual innocence."[2]  See Frady, 456 U.S. at 170; see also Bousley, 523 U.S. at 621-624.  The "cause and prejudice" requirement for overcoming "procedural default" requires the prisoner to show that "some objective factor external to the defense" impeded his efforts to raise the issue as required by each relevant procedural rule, Coleman v. Thompson, 501 U.S. 722, 753 (1991), quoting Murray v. Carrier, 477 U.S. 478, 488 (1986), and that the error worked to his "*actual* and substantial disadvantage, infecting his entire trial with error," Frady, 456 U.S. at 170 (emphasis in original).  See, e.g., Suveges v. United States, 7 F.3d 6, 10 (1st Cir. 1993).  Thus, a non-constitutional claim that could have been raised on direct appeal may only be asserted in a §2255 motion if it resulted in a complete

---

[2]"Actual innocence" means "factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).  In Schlup, the Supreme Court held that to show actual innocence, a prisoner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  Id. at 327; see Calderon v. Thompson, 523 U.S. 538, 559 (1998) ("To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.") (internal quotations omitted).  The actual innocence exception is "quite narrow and seldom used." Simpson v. Matesanz, 175 F.3d 200, 210 (1st Cir. 1999).  The petitioner has not and cannot assert his innocence.

miscarriage of justice.  See Brecht, 507 U.S. at 634 n.8; see also Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) ("exceptional circumstances"); Stone v. Powell, 428 U.S. 465, 477 n.10 (1976).

**The Facts of this Case**

On April 4, 1997, Eugene A. Rida, Jr. was named in six counts of a forty-count indictment returned in the District of Massachusetts.  Rida was named in Counts One and Two alleging violations of Title 18, United States Code, Section 1962 (Racketeer Influenced and Corrupt Organizations, or "RICO") (conspiracy and substantive), Count Four, alleging a conspiracy to kill 15 individuals in violation of Title 18, United States Code, Section 1959 (Violent Crimes in Aid of Racketeering, or "VICAR"), Count Nineteen, alleging a VICAR conspiracy to murder Matteo Trotto, Count Twenty, alleging a substantive VICAR violation involving an attempt to murder Trotto, and Counts Four and Twenty-One, alleging violations of Title 18, United States Code, Section 924(c) (Use of a Firearm in Crime of Violence).

On November 1, 1999, Rida pleaded guilty to Count Nineteen, pursuant to a written plea agreement.  In exchange for Rida's guilty plea, the government agreed to dismiss Counts One, Two, Three, Four, Twenty and Twenty-One.  The government further agreed to recommend a sentence of 120 months – a sentence that was below the guideline sentencing range, but the maximum

sentence for the one count of conviction.

In signing the plea agreement, Rida waived his right to appeal or bring a collateral challenge to his sentence. Paragraph 6 of the agreement provides, in part, as follows:

> In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant [Rida] knowingly waives his right to appeal or collaterally challenge:
>
> * * * * *
>
> (3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 [i.e., 10 years] ...

In calculating the appropriate sentence for Rida, the Probation Officer determined that the base offense level for Count Nineteen was 28, pursuant to U.S.S.G. §2A2.1(a).  Two levels were added, pursuant to U.S.S.G. §2A2.1(b)(1)(B), because the victim sustained serious bodily injury.  Four additional levels were added pursuant to U.S.S.G. §2A2.1(b)(2), because the offense involved the offer or receipt of something of pecuniary value.  The resulting total offense level was 34.  The defendant was given a three level reduction for acceptance of responsibility, resulting in a total offense level of 31.

It was the view of the Probation Officer that Rida was a criminal history level III.[3]  The resulting sentencing range was 135 to 168 months.  The Court imposed a sentence that was below

---

[3] The government objected and stated that the Rida's criminal history category was IV.

this range, but was the maximum allowed under the one count of conviction, i.e., 120 months.

Rida complains that the district "judge enhanced the base offense level by four (4) levels pursuant to U.S.S.G. §2A2.1(b)(2) over the objection of trial counsel ... based upon judicial fact finding by a preponderance of the evidence." He argues that this violates United States v. Booker, 125 S.Ct. 738 (2005). He does not complain of the two level enhancement pursuant to U.S.S.G. §2A2.1(B)(1)(B).

**The Petitioner's Claims are Barred and Devoid of Merit**

First, as discussed above, failure to raise a claim on direct review forecloses collateral review absent a showing of cause and prejudice or "actual innocence." See Frady, 456 U.S. at 170; see also Bousley, 523 U.S. at 621-624; see also Knight v. United States, 37 F.3d 769 (1st Cir. 1994). Rida's petition fails on all counts.

Second, the Court should not consider the merits of Rida's claims because they are time-barred. In the Antiterrorism and Effective Death Penalty Act ["AEDPA"], Congress established a "1-year period of limitation" governing motions for collateral relief under Section 2255. 28 U.S.C. §2255 ¶ 6. The one-year period runs from "the latest of" four specified events:

> (1) the date on which the judgment of conviction becomes final;

>    (2) the date on which the impediment to making a motion
>    created by governmental action in violation of the
>    Constitution or laws of the United States is removed, if the
>    movant was prevented from making a motion by such
>    governmental action;
>
>    (3) the date on which the right asserted was initially
>    recognized by the Supreme Court, if that right has been
>    newly recognized by the Supreme Court and made retroactively
>    applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or
>    claims presented could have been discovered through the
>    exercise of due diligence.

28 U.S.C. 2255 ¶ 6.

Subsection 1 defines the most basic starting point for the time limit: "the date on which the judgment of conviction becomes final."  Although the subsection does not define the term, a federal prisoner's "judgment of conviction" generally includes both the adjudication of guilt and the sentence.  See Fed. R. Crim. P. 32(d)(1); Deal v. United States, 508 U.S. 129, 132 (1993).  The Rule 32 definition seems like the obvious definition to use in Section 2255.  When a prisoner does not take a direct appeal from his conviction, the conviction becomes final when the time for filing a notice of appeal expires.  See Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004); Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000).

Rida did not appeal his conviction or sentence; his sentence was final in 1999, and he brought his petition in 2005.  His petition is time-barred.

Third, the Court should not consider the merits of Rida's claims because <u>Booker</u> is not retroactive. A *Booker* claim must be brought within one year of the conviction becoming final; it does not help the defendant if he brought his petition within one year of the <u>Booker</u> decision. <u>See</u> <u>United States v. Cirilo-Munoz</u>, 404 F.3d 527, 533 (1st Cir. 2005); <u>see also</u> <u>United States v. Fraser</u>, 407 F.3d 9, 11 (1st Cir. 2005).

Fourth, the Court should not consider the merits of Rida's claims because "petitions under 28 U.S.C. §2255 are unavailable to advance *Booker* claims." <u>Fraser</u>, 407 F.3d at 11.

Fifth, the Court should not consider the merits of Rida's claims because in <u>Booker</u>, the Supreme Court decided that the Guidelines were advisory, not mandatory; however, <u>Booker</u> has preserved the use of judge-made findings. <u>Cirilo-Munoz</u>, 404 F.3d at 532-533. "[T]here is nothing fundamentally unfair in the use of judge-made findings. <u>Fraser</u>, 407 F.3d at 11; <u>United Sattes v. Antonakopoulos</u>, 399 F.3d 68, 75 (1st Cir. 2005). "[J]udge-made findings have been the conventional practice throughout our nation's history [and] [t]hey will, post-*Booker* continue to be the rule where the sentence is within the statutory limits." <u>Id.</u> At 533. Rida was sentenced within the statutory limits. Fact finding by the Court in Rida's case, that resulted in an increase in the advisory sentencing range, is still lawful post *Booker*.

Sixth "[b]arring extraordinary circumstances," claims of nonconstitutional error in the application of the Sentencing Guidelines cannot be raised in a Section 2255 motion. United States v. Pregent, 190 F.3d 279, 283-284 (4th Cir. 1999); Knight v. United States, 37 F.3d at 773.

Seventh, the Court should not consider the merits of Rida's claims because Rida waived his right to appeal or collaterally challenge his sentence. Waivers of appellate rights are valid. United States v. Teeter, 257 F.3d 14, 23 (1st Cir. 2001). Courts will refuse to enforce waivers only "if doing so would work a miscarriage of justice." Id. at 25-26. However, the "miscarriage of justice reservation" "will be applied sparingly and without generosity." Id. at 26. Rida has failed to allege any reason why his agreement should not be enforced.

Eighth, even if the Court were to consider the merits of Rida's claims, his petition should be denied. The Count to which he pleaded guilty alleged that the conspiracy to murder Trotto was "as consideration for a promise to pay a thing of pecuniary value, to wit, money, from an enterprise engaged in racketeering activity, and for the purpose of gaining entrance to and maintaining and increasing position in an enterprise engaged in racketeering activity." The government's statement of facts specifically alleged that the conspiracy to murder Trotto was for these two purposes, including the promise of money. Although

9

Rida objected to the four level enhancement, he did not contest the facts set forth in the Presentence Report that supported the enhancement. See Addendum to Revised Pre-Sentence Report, dated 2/24/00, Probation Officer's Response to Defendant's Objection #5 ("Paragraph 22 of the Presentence Report, *which has not been contested*, states, "Rida and the other defendants conspired to murder Trotto as consideration for a promise from the Patriarca Family of La Cosa Nostra to pay money, and for the purpose of gaining entrance to and maintaining and increasing position in the Patriarca Family of La Cosa Nostra ..." (emphasis added).) Therefore, the Court's finding of fact (by whatever standard) was supported and unrebutted, and cannot now be revisited some six years later.

Ninth, the evidence that was presented to the sentencing court supported the finding of facts that resulted in the enhancement. (The sentencing Judge was quite familiar with the details of the conspiracy, and the relationship of that conspiracy to the Patriarca Family of La Cosa Nostra.) Rida failed to present or proffer any evidence that contradicted the Court's finding.

**Conclusion**

For the reasons stated herein this Court should deny the petition in this case.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

                       By:   /s/ Jeffrey Auerhahn
                             JEFFREY AUERHAHN
                             Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

This is to certify that, on August 30, 2005, I have served by first class mail, a copy of this document upon Eugene A. Rida, Jr., 80052-038, FCI Coleman, P.O. Box 1032, Coleman, FL 33521.

                                    /s/ Jeffrey Auerhahn
                                  JEFFREY AUERHAHN
                                  Assistant U.S. Attorney