United States District Court
District of Massachusetts

| | |
|---|---|
| EUGENE RIDA, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 05-11305-NMG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM & ORDER

GORTON, J.

On November 1, 1999, petitioner Eugene Rida, Jr. ("Rida") pled guilty to conspiracy to commit a violent crime in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(5). On March 8, 2000, Rida was sentenced by this Court to 120 months of imprisonment to run consecutively to any previously imposed state sentence. The sentencing range found by application of the United States Sentencing Guidelines ("U.S.S.G.") was 135 to 168 months (Total Offense Level 31, Criminal History Category III).

In determining the offense level, the Court found, by a preponderance of the evidence, that the offense involved an offer or receipt of something of pecuniary value, thereby requiring an increase of four levels pursuant to U.S.S.G. § 2A2.1(b)(2). The Court imposed a sentence below the guideline range but equal to the maximum sentence allowed under one count of the conviction:

-1-

120 months.

Petitioner Rida brings a motion under 28 U.S.C. § 2255 to correct his sentence. He contends that recent Supreme Court decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), render the Court's four-level increase illegal because the underlying facts for any such enhancement must be found by a jury after proof beyond a reasonable doubt. Rida suggests that he is, therefore, entitled to a reduction of his sentence to one within the resultant guideline range of 87 to 108 months. Rida's contention is without merit for several reasons.

In his plea agreement with the government, Rida waived his right to appeal or bring a collateral challenge to his sentence. Waivers of appellate rights are presumptively valid as long as the defendant enters into them knowingly and voluntarily and there is no miscarriage of justice. United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001). This Court finds that Rida signed his waiver knowingly and voluntarily and that no miscarriage of justice occurred in the instant case by holding Rida to his waiver. Thus, Rida's petition fails by virtue of his waiver.

Even if no such waiver had been made in the instant case, the petition would still fail. The Booker decision clearly permits a judge to impose an enhancement to a sentence based upon

an admission of facts by the defendant. 543 U.S. at 244. Rida attacks the subject enhancement on the grounds that the judge improperly found that there was an offer or receipt of something of pecuniary value. That contention is overtly mistaken because the count of the indictment to which Rida pled guilty alleged that the murder conspiracy was entered into in consideration for a promise to pay a thing of pecuniary value, to wit, money. Moreover, even if the petitioner had not admitted to facts sufficient to support the enhancement imposed, the Court was within its prerogative to impose it because the supporting facts were found by a preponderance of the evidence and, in any event, the resulting sentence did not exceed the statutory maximum. Evangelista v. United States, 397 F. Supp. 2d 227, 229 (D. Mass. 2005).

## ORDER

In accordance with the foregoing, the Motion to Vacate, Set Aside or Correct Sentence (Docket No. 1) is **DENIED** and this petition for a writ of habeas corpus is **DISMISSED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated June 29, 2006